USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1509 PAUL F. FLORIO, ET AL., Plaintiffs - Appellants, v. ALFRED L. OLSON, A/K/A LEONARD A. OLSON, Defendant - Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. George A. O'Toole, Jr., U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ _____________________ Joseph G. Abromovitz, with whom John G. Balzer and ______________________ _________________ Abromovitz & Leahy, P.C. were on brief for appellants. ________________________ Thomas E. Clinton, with whom Clinton & Muzyka, P.C. was on _________________ _______________________ brief for appellee. ____________________ November 25, 1997 ____________________ TORRUELLA, Chief Judge. Appellant Paul Florio sued TORRUELLA, Chief Judge. ___________ Alfred Olson in the United States District Court of Massachusetts alleging a maritime tort and claiming federal jurisdiction pursuant to 28 U.S.C. 1333. On January 5, 1993, Florio, working as a line handler, helped to bring the USS Kauffman into drydock. After the ship was secured, he was asked to fill in at the capstan controls. A capstan is a large motorized winch which can increase or decrease tension on a line. This capstan was operated remotely by electrical button controls. It was being used on January 5, 1993 to facilitate the movement of the caisson door, the device which closes and seals the drydock. At some point, when tension was put on the line running from the capstan to the caisson, it snapped and seriously injured Florio. It is undisputed that the caisson door, the capstan and Florio were all either connected to land or on land at the time of the accident. Florio's claims were based on allegations that, first, an inspection of the lines involved in the docking procedure would have revealed that the line at issue was in a deteriorated condition inappropriate for use, and second, that inadequate precautions were in place to prevent injury to the capstan operator from a parted line. The defendant, Olson, was an independent dockmaster hired by Florio's employer, General Ship Corporation, to supervise the docking procedures. After a bench trial, the court ruled for defendant and this appeal followed. We conclude that under Jerome B. Grubart, Inc. v. Great Lakes ________________________ ___________ Dredge & Dock Co., 513 U.S. 527 (1995), the district court lacked _________________ -2- subject matter jurisdiction and thus vacate the judgment and dismiss the appeal. Although the district court found that it had proper jurisdiction over this claim by virtue of general maritime jurisdiction under 28 U.S.C. 1333(1), a reviewing court has an obligation to inquire sua sponte into the subject matter ___ ______ jurisdiction of its cases, see White v. Gittens, 121 F.3d 803, ___ _____ _______ 806 (1st Cir. 1997), and to proceed no further if such jurisdiction is lacking. See Fed. R. Civ. P. 12(h)(3) (West ___ 1997) ("[w]henever it shall appear . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").  In Grubart, the Supreme Court elaborated upon the _______ jurisdictional requirements of 28 U.S.C. 1333(1), articulating a clear two-part test. 513 U.S. at 531-34. A party wishing to assert maritime jurisdiction over a tort must satisfy both the "location" and "connection" requirements of the test. In order to satisfy the "location" or "situs" requirement, a party must show either that the injury occurred on navigable water or that the injury was caused by a vessel on navigable water. Id. at ______ ___ 534. In order to satisfy the "connection" or "nexus" requirement, the party must show that the type of incident involved has a potentially disruptive impact on maritime commerce and that the "general character" of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. See id.; Evergreen Marine Corp. v. Six ___ ___ _______________________ ___ -3- Consignments of Frozen Scallops, 4 F.3d 90, 93 (1st Cir. 1993). _______________________________ The district court found jurisdiction based on the "connection" prong of the maritime jurisdiction test, reasoning that "[a]lthough both Florio and Olson were 'land-based,' the accident occurred in the course of a traditional maritime activity and was of the kind that has the potential to disrupt maritime commerce." While the district court appropriately consulted the second prong of the test, it failed to consider the first prong. Under Grubart, maritime jurisdiction is found only _______ where the location and the connection prongs are met; one by ___ itself will not suffice. Therefore, to determine whether maritime jurisdiction is appropriate in this case, we must examine whether the injury suffered by Florio satisfies the location requirement. Florio was injured while he was working on a drydock. It is well-established that permanent drydocks are considered "land" for the purposes of 28 U.S.C. 1333(1). See Victory ___ _______ Carriers, Inc. v. Law, 404 U.S. 202, 212 (1971); Ellis v. _______________ ___ _____ Riverport Enterprises, Inc., 957 F. Supp. 105, 107 (E.D. Ky. ____________________________ 1997) (analyzing numerous cases that treat piers and docks as extensions of land for the purpose of applying maritime jurisdiction). Therefore, Florio's injury did not occur on navigable water. Florio's injury, then, must have been caused by a "vessel on navigable water" in order to satisfy the "location" requirement. However, the vessel in this case was only -4- peripherally involved. The USS Kauffman had already been guided into the drydock. The line that snapped was not attached to the ship or supplied by the ship. It ran from one part of the drydock to another part of the drydock, and was controlled from shore.  Furthermore, none of Florio's theories of negligence directly implicate the vessel. Florio's claims stem from Olson's alleged use of a weathered line and failure to warn Florio about improperly located capstan controls. These claims allege no causal connection between the vessel and the accident. In a supplemental memorandum on this issue, the appellants cite Justice Douglas's dissenting opinion in Victory _______ Carriers, Inc. v. Law, 404 U.S. 202, 216-217 (1971) (Douglas, J., ______________ ___ dissenting), urging this Court to avoid "narrow, grudging, hypertechnical definitions" of causation and location. Victory _______ Carriers applied the jurisdictional standard at issue to an ________ accident on a drydock which occurred while cargo was being transferred for loading aboard a vessel.1 In ruling that  ____________________ 1 Victory Carriers, unlike the present case, involved a claim ________________ brought under both the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. 903(a)(1), 905(b), and general maritime law, 28 U.S.C. 1332, 1333. At the time Victory _______ Carriers was heard, claims under the LHWCA were subject to the ________ same jurisdictional requirements as suits brought only under 28 U.S.C. 1333(1). Since Victory Carriers was decided, however, ________________ Congress has substantially amended the LHWCA. See Guilles v. ___ _______ Sea-land Service, Inc., 12 F.3d 381, 384 (2d Cir. 1993) (tracing ______________________ the amendments to the LHWCA). One of the amendments extended coverage under the Act to include certain contiguous land areas (such as drydocks) which had traditionally been excluded from maritime jurisdiction. A separate jurisdictional provision was added to the LHWCA to accomplish this extension. See 33 U.S.C.  ___ 903(a). Therefore, a case brought under the LHWCA today would -5- maritime jurisdiction did not apply to the case, Justice White, writing for the majority, stated: In the present case . . . the typical elements of a maritime cause of action are particularly attenuated: [the injured party] was not injured by equipment that was part of the ship's usual gear or that was stored on board, the equipment that injured him was in no way attached to the ship, [the equipment] was not under the control of the ship or its crew, and the accident did not occur aboard ship or on the gangplank. Affirmance of the decision below would raise a host of new problems as to the standards for and limitations on the applicability of maritime law to accidents on land. Id. at 213-214. This reasoning disposes of the present case. ___ Jurisdictional boundaries must be respected, even where those boundaries seem "narrow" or "hypertechnical," lest confusion result for litigants trying to determine the proper forum for their claims.  The "location" requirement for maritime jurisdiction has not been met in this case because no vessel can be said to have caused Florio's injuries. We therefore need not address whether the "connection" requirement has been satisfied, nor do we reach the merits of this case. For the reason stated herein, the opinion of the district court is vacated and this case is dismissed. _______ _________  ____________________ encounter a less stringent "location" test than a case brought under the general maritime law as codified at 28 U.S.C.  1333(1). In this narrow sense, the opinion has been superseded by statutory reform. However, Victory Carriers represents the ________________ Supreme Court's application of the jurisdictional standard which persists under general maritime law and is at issue in this case. We note that Florio qualified for benefits under the LHWCA, but that those claims are not before this Court. -6- -7-