■ ANTHONY POSILLICO et al., Appellants, v LAQUILA CONSTRUCTION, INC., Defendant and Third-Party Plaintiff-Respondent. SPENCER WHITE & PRENTIS FOUNDATION CORP., Third-Party Defendant-Respondent. [696 NYS2d 507] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Garry, J.), dated June 18, 1998, which granted the respective motions of the third-party defendant Spencer White & Prentis Foundation Corp., and the defendant, Laquila Construction, Inc., to amend their respective answers to assert affirmative

defenses based on the Federal Longshore and Harbor Workers Act (33 USC § 901 *et seq.*) and denied their cross motion for partial summary judgment on the issue of liability on their causes of action under Labor Law § 240 (1); § 241 (6) and § 200.

Ordered that the order is modified, by (1) deleting the provision thereof granting the respondents' respective motions to amend their answers and substituting therefor a provision denying those motions and (2) deleting the provision thereof denying that branch of the plaintiffs' cross motion which was for partial summary judgment on the issue of liability on the cause of action under Labor Law § 240 (1) and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs.

On appeal, the plaintiffs contend that the Supreme Court erred in granting the respondents' motions to amend their respective answers to assert as affirmative defenses that the causes of action under the New York State Labor Law are preempted by Federal maritime law (*see,* US Const, art III, § 2 [1]; 28 USC § 1333 [1]), and in denying their cross motion for partial summary judgment on their causes of action under the Labor Law.

The Supreme Court erred in granting the respondents' motions to amend their answers. Although leave to amend should be freely given, a motion should be denied if, as is the case here, the substance of the proposed pleading lacks merit (*see, ICC Bridgeport Ltd. Partnership v Primrose Dev. Corp.,* 221 AD2d 417).

Although the plaintiff Anthony Posillico fell into the edge of the waters of the East River as a result of the accident, the accident itself did not occur on navigable waters (*see, Abbud v City of New York,* 159 F3d 1345; *Executive Jet Aviation v City of Cleveland,* 409 US 249, 260, n 8; *Brooker v Durocher Dock & Dredge,* 133 F3d 1390, *cert dismissed* 525 US 957). There is neither a situs nor a nexus which would support the application of Federal maritime law to this action (*see, Abbud v City of New York, supra; Executive Jet Aviation v City of Cleveland, supra; Ellis v Riverport Enters.,* 957 F Supp 105; *Brooker v Durocher Dock & Dredge, supra; Pereira v Nab Constr. Corp.,* 256 AD2d 395). Accordingly, the respondents' motions must be denied.

Since the plaintiffs presented evidence that the accident occurred when an unsecured ladder slipped, they established a prima facie case under Labor Law § 240 (1) (*see, Kinsler v Lu-Four Assocs.,* 215 AD2d 631; *Lopez v 36-2nd J Corp.,* 211 AD2d

667; *Whalen v Sciame Constr. Co.,* 198 AD2d 501). The opposition on this issue was based on the claim that Federal maritime law preempted the plaintiffs' causes of action under Labor Law § 240 (1). However in light of our determination that this cause of action is not preempted, that branch of the plaintiffs' cross motion which was for summary judgment on their Labor Law § 240 (1) claim must be granted.

The Supreme Court properly denied those branches of the appellants' motion which were for summary judgment on their causes of action under Labor Law § 241 (6) and § 200, since issues of fact exist, *inter alia,* as to the injured plaintiff's comparative negligence (*see, Long v Forest-Fehlhaber,* 55 NY2d 154; *Irwin v St. Joseph's Intercommunity Hosp.,* 236 AD2d 123; *Drago v New York City Tr. Auth.,* 227 AD2d 372), precluding summary judgment. Ritter, J. P., Joy, H. Miller and Smith, JJ., concur.