OPINION OF THE COURT
Memorandum.
Judgment, insofar as appealed from, reversed without costs, so much of the order as denied the branch of plaintiffs motion pursuant to CPLR 4404 (a) seeking to direct judgment in favor of plaintiff on the issue of liability vacated, said branch of plaintiffs motion granted, and matter remanded for trial on the issue of damages.
The instant case proceeded to trial, on a claim pursuant to Labor Law § 240 (1), only against defendants Do Sang Kwon and Keum Ja Kwon. At trial, plaintiff testified through an interpreter that he had been employed as a stucco contractor in connection with a renovation job. Some wood extruding from a window obstructed the job site. Plaintiff had previously requested that the carpenter trim the wood, but this had not yet been done as of plaintiffs first morning on the job. Plaintiff testified that, in preparation for his work on the stucco exterior, he decided to perform a single test to determine whether he could cut the wood, and then to go with his assistant to get scaffolding. Plaintiff found a six-foot-high wooden ladder at the job site, which he positioned on some plywood beneath a window. There was no scaffold, netting or other safety device in place. He mounted the ladder carrying a hand grinder that was intended for cutting cement or metal rather than trimming wood. As plaintiff leaned toward the window from which the wood extruded and turned on the grinder, the ladder shifted and fell. Plaintiff fell too, and, as he fell, the grinder slipped out *64 of plaintiffs grip, became caught on his glove, and cut three of his left fingers and his left hand extending from the palm to the wrist.
Plaintiffs employee also testified, confirming plaintiffs statement. The only other witness was defendant He Gin Lee, the architect for the renovation, who was also the principal of defendant Key Construction Management Corp., the general contractor on the job. He testified concerning the noncompliance of wooden ladders with city codes and modern standards, and denied any responsibility for supervising plaintiff.
The clarity of the testimony at trial was somewhat obscured, possibly due to the fact that it was conducted through interpreters. Upon cross-examination of plaintiff, counsel for defendants Do Sang Kwon and Keum Ja Kwon highlighted inconsistencies between plaintiffs deposition testimony that he climbed the ladder facing backward, and his trial testimony that he climbed the ladder facing forward. Also, plaintiff testified that he was the individual responsible for bringing scaffolding to the work site, and that the pieces of wood extruding from the windows would not have interfered with the erection of scaffolding.
At the close of trial, plaintiffs motion for a directed verdict and a motion by defendants Do Sang Kwon and Keum Ja Kwon to dismiss the complaint were both denied.
Over plaintiffs objection, the trial court declined to charge the jury on burden of proof, and plaintiff took exception to the ruling. In its charge to the jury, the court instructed the jury on the Labor Law, without objection, in pertinent part as follows:
“If you find that the scaffolding, ladder, or other devices was [sic] not so constructed, or placed operated and or maintained as to give proper protection to plaintiff in the performance of the work and that the construction, or placement, or operation, or maintenance of the scaffolding, ladder or other devices was a substantial factor to causing plaintiffs injury, you will find for plaintiff on this issue. If you conclude that plaintiffs action was the only substantial factor on bringing about the injury, you will find for the defendant on this issue.”
The court gave the jury two interrogatories, to which both parties assented:
“Question 1: Did the defendant violate section 240 (1) of the Labor Law in failing to furnish scaffolding or ladders or other devices for the performance of plaintiffs work so as to give him proper protection.
*65 “Question 2: Was the defendant’s violation a substantial factor in causing the occurrence.”
The jurors answered the first question in the affirmative and the second in the negative. Plaintiffs posttrial motions in the alternative for judgment in favor of plaintiff on liability based upon the jury’s answer to the first question, or for judgment “notwithstanding the finding” or to set aside the verdict were denied. Following trial, judgment was entered in favor of defendants Do Sang Kwon and Keum Ja Kwon.
Section 240 (1) of the Labor Law, also known as the Scaffold Law, was written to protect workers from dangers related to the effect of gravity (see Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991]), and “was designed to place the responsibility for a worker’s safety upon the owner and contractor rather than on the worker” (Felker v Corning Inc., 90 NY2d 219, 224 [1997], citing Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520 [1985]). Liability under the statute is predicated upon the existence of a gravity-related hazard within the class contemplated by the statute and the absence of or inadequacy of a safety device (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 266 [2001]). The third element required for a finding of liability is causation of injury; the defect, or failure to secure the ladder, must be a substantial factor in causing the plaintiffs injuries (Artoglou v Gene Scappy Realty Corp., 57 AD3d 460 [2008]).
A plaintiff establishes a prima facie case as to liability under the Scaffold Law by presenting evidence that an unsecured ladder on a job site slipped or tipped over, causing the plaintiff to fall and sustain injuries (e.g. Whalen v ExxonMobil Oil Corp., 50 AD3d 1553 [2008]; Ball v Cascade Tissue Group-N.Y., Inc., 36 AD3d 1187, 1188 [2007]; Montalvo v J. Petrocelli Constr., Inc., 8 AD3d 173, 175 [2004]; Guzman v Gumley-Haft, Inc., 274 AD2d 555, 556 [2000]; Posillico v Laquila Constr., 265 AD2d 394 [1999]). Where, as here, the defendants fail to contest an allegation that a ladder falls or collapses, proximate causation is established (see Panek v County of Albany, 99 NY2d 452, 458 [2003]). Nor is statutory causation negated by the fact that the injury is caused by a tool as the plaintiff falls, such as the hand grinder used here, so that gravity is the indirect, rather than the direct, cause of the plaintiffs injuries (Gordon v Eastern Ry. Supply, 82 NY2d 555 [1993]).
Liability under the Scaffold Law is said to be “strict or absolute” because, once established, it cannot be defeated by *66 plaintiffs contributory negligence (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]). However, no liability will lie where the plaintiffs negligence is “the sole proximate cause” of the accident (e.g. Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]; Blake at 290; Weininger v Hagedorn & Co., 91 NY2d 958, 960 [1998]).
In order for plaintiff to be entitled to judgment as a matter of law on the issue of liability pursuant to CPLR 4404 (a), it must appear that there was “no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial” (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). In the present case, the jury’s affirmative finding of a violation of the Scaffold Law established the existence of a gravity-related hazard within the class contemplated by the statute and the absence of or inadequacy of a safety device. Since the only evidence was that plaintiffs injury occurred when the ladder fell and as a direct result of the fall, there was “no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion” (id.) that the violation was not a substantial factor in causing the occurrence or a proximate cause thereof (see e.g. Rudnik v Brogor Realty Corp., 45 AD3d 828 [2007]; Woods v Design Ctr., LLC, 42 AD3d 876, 877 [2007]; Petit v Board of Educ. of W. Genesee School Dist., 307 AD2d 749 [2003]; Scotti v Federation Dev. Corp., 289 AD2d 322, 323 [2001]).
Accordingly, we reverse the judgment of the Civil Court, insofar as appealed from, vacate so much of the order as denied the branch of plaintiffs motion for a directed verdict on the issue of liability under Labor Law § 240 (1), grant said branch of plaintiffs motion and remand the matter for trial on the issue of plaintiffs damages.
Pesce, PJ., Weston Patterson and Steinhardt, JJ., concur.