SUMMARY ORDER

Plaintiffs-Appellants Businesses for a Better New York (a partnership of construction companies, related businesses, and individuals), and individuals in their personal capacities (collectively “BBNY”), appeal from a judgment and order of the United States District Court for the Western District of New York, dismissing its complaint challenging the constitutionality of New York’s so-called “scaffold laws,” N.Y. Labor Law §§ 240(1) (requiring “proper protection”) and 241(6) (requiring “adequate protection”). See generally Blake v. Neighborhood Hous. Servs. of New York City, Inc., 1 N.Y.3d 280, 771 N.Y.S.2d 484, 803 N.E.2d 757 (N.Y.2003) (violation of § 240(1) results in strict liability). The case was assigned to Chief Judge Richard J. Arcara, who referred the matter to United States Magistrate Judge Jeremiah J. McCarthy. By report filed May 31, 2007, Magistrate Judge McCarthy recommended dismissal for failure to' state a claim under Rule 12(b)(6). Judge Arcara adopted the report and recommendation in full and dismissed the action by order en *704 tered September 28, 2007. We assume the parties’ familiarity with the underlying-facts and the procedural history.
On appeal, BBNY argues that the dismissal was improper because the scaffold laws violate the Equal Protection Clause, the dormant Commerce Clause, the Supremacy Clause, and the Due Process Clause of the Constitution. We review a dismissal pursuant to Rule 12(b)(6) de novo. See Nicolaou v. Horizon Media, Inc., 402 F.3d 325, 327 (2d Cir.2005). For the reasons stated below, we affirm the judgment of the district court.
BBNY claims that enforcement of New York’s scaffold laws violates the Equal Protection Clause because construction businesses that engage in work involving height-related risks are subject to higher insurance premiums than construction businesses who perform work at ground level. BBNY concedes that the challenged classification does not implicate a protected class and that there is no fundamental right at stake, so the statutes are evaluated under rational basis review and are “accorded a strong presumption of validity.” Heller v. Doe, 509 U.S. 312, 319, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). The classification therefore will survive if it serves “some legitimate governmental purpose,” id. at 320, 113 S.Ct. 2637, and if it was reasonable for the legislature to believe that use of the classification would promote that purpose, see W. and S. Life Ins. Co. v. State Bd. of Equalization of Cal., 451 U.S. 648, 668, 101 S.Ct. 2070, 68 L.Ed.2d 514 (1981).
Notwithstanding the obvious purpose of the scaffold laws to minimize injuries to construction workers, and the evident reasonable belief of the New York legislature that the enactment of the laws would serve that purpose, BBNY argues that in practice and fact the use of the challenged classification does not promote the stated purpose. That is not the legal test: “[Wjhether in fact the [challenged statute] will accomplish its objectives is not the question: the Equal Protection Clause is satisfied if we conclude that the [state] Legislature rationally could have believed that the [action] would promote its objective.” Id. at 671-72, 101 S.Ct. 2070. BBNY’s Equal Protection argument is therefore rejected.
BBNY also argues that the scaffold laws violate the Equal Protection Clause because they apply only to construction workers, as opposed to non-construction workers (e.g., maintenance workers, shipyard workers, meat packers, etc.), even though non-construction workers sometimes engage in height-related work.
“Generally, a federal appellate court does not consider an issue not passed upon below. This general rule may be overcome only when necessary to avoid manifest injustice, or where there is some extraordinary need ... to consider appellants’ claim.” Amalgamated Clothing and Textile Workers Union v. Wal-Mart Stores, Inc., 54 F.3d 69, 73 (2d Cir.1995) (quotations and citations omitted). Neither the magistrate judge nor the district judge considered the argument concerning construction workers-vs.-nonconstruction workers, and BBNY has not demonstrated manifest injustice or extraordinary need for this Court to consider it, so we decline to do so.
BBNY argues that the scaffold laws violate the dormant Commerce Clause on the theory that they dispx-opor-tionately affect non-New York construction companies that engage in work involving height-related risks in New York.
The dormant Commerce Clause “prohibits economic protectionism—that is, regulatory measures designed to benefit instate economic interests by burdening out-of-state competitors.” New Energy Co. of Ind. v. Limbach, 486 U.S. 269, 273-74, 108 S.Ct. 1803, 100 L.Ed.2d 302 (1988). “A *705 law that clearly discriminates against interstate commerce in favor of intrastate commerce is virtually invalid per se and will survive only if it is demonstrably justified by a valid factor unrelated to economic protectionism.” Town of Southold v. Town of E. Hampton, 477 F.3d 38, 47 (2d Cir.2007) (quotations omitted). But “[a] law that only incidentally burdens interstate commerce is subject to the more permissive balancing test under Pike v. Bruce Church, Inc., 397 U.S. 137, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970), and will be struck down if the burden imposed on interstate commerce clearly exceeds the putative local gains.” Southold, 477 F.3d at 47. “The party challenging a law as either clearly discriminatory or violative of Pike bears the threshold burden of demonstrating that it has a disparate impact on interstate commerce — ‘[t]he fact that it may otherwise affect commerce is not sufficient.’ ” Id. (quoting Automated Salvage Transp., Inc. v. Wheelabrator Envtl. Sys., Inc., 155 F.3d 59, 75 (2d Cir.1998) (underline added)). As we have explained, “the incidental burdens to which Pike refers are the burdens on interstate commerce that exceed the burdens on intrastate commerce. Thus, at a minimum, the challenged regulation must impose a burden on interstate commerce that is qualitatively or quantitatively different from that imposed on intrastate commerce.” Southold, 477 F.3d at 50 (quotations and citations omitted) (underlined added).
New York’s scaffold laws apply equally to in-state and out-of-state construction companies working in New York; so there is no disparate impact and no economic protectionism. BBNY’s dormant Commerce Clause argument can be rejected on that basis alone. However, even if the laws had a disparate impact on interstate commerce, they would survive Pike balancing. Pike prohibits those laws which create a burden on interstate commerce “clearly exceeding] the putative local gains.” Id. at 47. Here, the burden imposed consists of increased insurance premiums, but the putative local gains involve either protection of construction workers or compensation in the event of injury, and we conclude that the increased premiums do not “clearly exceed” those putative gains. BBNY’s dormant Commerce Clause challenge is therefore rejected.
 BBNY argues that New York’s scaffold laws violate the Supremacy Clause because they are pre-empted by the Occupational Safety and Health Act of 1970 (“OSHA”), 29 U.S.C. §§ 651 et seq. OSHA permits states to enact safety regulations in areas where no federal standard exists, but precludes state regulation of areas where federal standards already exist, “unless a state plan has been submitted and approved.” Gade v. Nat'l Solid Wastes Mgmt. Ass’n, 505 U.S. 88, 102, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992). However, by including a so-called “savings clause,” Congress expressly carved out of its preemption rules state common law and statutory tort remedies:
[njothing in this chapter shall be construed to supersede or ... to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.
29 U.S.C. § 653(b)(4).
The Second Circuit has not yet decided the scope of OSHA’s saving clause; but New York courts have repeatedly construed the state’s scaffold laws as means to define and assign liability in height-related construction injuries. See, e.g., Toefer v. Long Island R.R., 4 N.Y.3d 399, 409, 795 N.Y.S.2d 511, 828 N.E.2d 614, 618-19 (N.Y.2005); Abbatiello v. Lancaster Studio Assocs., 3 N.Y.3d 46, 50, 781 N.Y.S.2d 477, *706 814 N.E.2d 784, 786 (N.Y.2004); see also Kwanguk Pak v. Key Constr. Mgmt. Corp., 23 Misc.3d 62, 881 N.Y.S.2d 796, 799 (N.Y.Sup.App.Term 2009). Such a scheme would be preserved under the savings clause; OSHA is not intended to “diminish or affect” the “statutory rights, duties, or liabilities of employers” with respect to work-related injuries. 29 U.S.C. § 653(b)(4). We therefore agree with the conclusion of the district and magistrate judges that the statutes are preserved by OSHA’s savings clause. BBNY’s preemption challenge is rejected.
 BBNY and Frank DeCarlo (pro se), in separate briefs, argue that the scaffold laws violate the Due Process Clause of the Fourteenth Amendment because their strict liability scheme precludes construction companies from raising certain defenses when faced with scaffold law claims. The due process claims were not stated in the complaint and were not considered by the magistrate judge; they were raised for the first time in the objections to the report and recommendation, and the district court did not address them. Because we consider such issues “only when necessary to avoid manifest injustice, or where there is some extraordinary need,” and because BBNY has not demonstrated manifest injustice or extraordinary need, we decline to consider them here. See Amalgamated Clothing, 54 F.3d at 73 (quotations and citations omitted).
We have reviewed the Appellants’ remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.