# United States Court of Appeals

## For the First Circuit

No. 24-2067

JUAN JOSÉ LANTIGUA-NÚÑEZ,

Plaintiff, Appellant,

v.

UNITED STATES COAST GUARD; UNITED STATES; TODD BLANCHE, Acting
Attorney General,

Defendants, Appellees,[*]

MIKAEL M. ALLERT; PAUL CHAHAL; MATTHEW B. LANE; JOFFREY BAGWELL;
JOHN DOE 1 THROUGH 5,

Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]
[Hon. Bruce J. McGiverin, U.S. Magistrate Judge]

---

Before

Gelpí, Thompson, and Dunlap,
Circuit Judges.

---

Josué Emanuel Castellanos-Otero, with whom Rafael
González-Vélez Lawyers, P.S.C. was on brief, for appellant.

David L. Peters, Appellate Staff, Civil Division, U.S.
Department of Justice, with whom Yaakov M. Roth, Acting Assistant

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2),
Acting Attorney General Todd Blanche is automatically substituted
for former Attorney General Pamela J. Bondi as appellee.

Attorney General, and <u>Charles W. Scarborough</u>, Appellate Staff, Civil Division, U.S. Department of Justice, were on brief, for appellees.

—————————————

May 1, 2026

—————————————

**GELPÍ**, **Circuit Judge**. Plaintiff-Appellant Juan José Lantigua-Núñez ("Lantigua-Núñez") initiated this action against the United States Coast Guard (USCG) under the Federal Tort Claims Act (FTCA)'s law enforcement proviso. He alleged USCG agents used unlawful force when they fired several gunshots at a vessel he was helming, two of which hit him and caused serious injuries to his left arm. The USCG moved to dismiss the case for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court granted the USCG'S motion, reasoning that Lantigua-Núñez's claim fell under maritime jurisdiction and was therefore exclusively governed by the Suits in Admiralty Act (SIAA). The court then denied his request to amend his complaint to add an SIAA claim because that claim would have been time-barred. He now asks this Court to reverse the district court's decision.

For the following reasons, we **affirm**.

## I. BACKGROUND

### A. Facts

We draw our facts from the operative complaint. Legal Sea Foods, LLC v. Strathmore Ins. Co., 36 F.4th 29, 30 (1st Cir. 2022). On April 27, 2021, a USCG helicopter and "cutter"[1]

---

[1] "A 'Cutter' is [] any CG vessel 65 feet in length or greater, having adequate accommodations for crew to live on board." Assistant Commandant for Capability (CG-7) Office of Cutter Forces (CG-751), U.S. Coast Guard, https://www.dco.uscg.mil/Our-

- 3 -

approached a "go-fast vessel"[2] ("the vessel") in international waters off the coast of Puerto Rico.  Lantigua-Núñez, a citizen of the Dominican Republic, was operating the vessel with two other individuals aboard.  The USCG first fired warning shots in the direction of the vessel and then, when it failed to stop, fired live rounds at the engine to disable it.  Two of those rounds struck Lantigua-Núñez in his left arm.  After being struck the second time, Lantigua-Núñez fell to the vessel's deck, causing him to release the accelerator and the vessel to stop.  He remained on the deck, bleeding for thirty minutes, before the USCG cutter arrived.  He was then helicoptered to the Centro Médico Hospital in San Juan, Puerto Rico.  As a result of this incident, Lantigua-Núñez sustained serious and permanent injuries.  Most notably, his arm is permanently disfigured and has limited functionality.

---

Organization/Assistant-Commandant-for-Capability-CG-7/Office-of-Cutter-Forces-CG-751/Coast-Guard-Cutter-Fleet/ [https://perma.cc/PM2C-X2FR].

[2] We provide the following context for the reader:

> "[G]o-fast boats," also known as "pangas," [] are small boats customized with additional engines and fuel tanks for added speed and range.  Go-fast boats are designed to cut through the water with less friction so that they can travel at higher speeds.  Because they have lower profiles than fishing boats and frequently run without navigation lights, they are more difficult to detect.

196 Am. Jur. 3D Proof of Facts § 3 (2022).

## B. Procedural History

On April 4, 2023, Lantigua-Núñez filed an FTCA administrative claim. That claim was denied on May 22, 2023. He then filed this lawsuit on November 22, 2023, in the United States District Court for the District of Puerto Rico. Lantigua-Núñez alleged constitutional claims against the individual USCG officers, along with a tort claim against the federal government under the "law enforcement proviso"[3] of the FTCA, 28 U.S.C. § 2680. More specifically, Lantigua-Núñez contended that the USCG used unlawful force during the incident in violation of the Fourth and Fourteenth Amendments and that it failed to promptly procure medical assistance. However, he later voluntarily dismissed those constitutional claims.

The Government then filed a motion to dismiss Lantigua-Núñez's remaining FTCA claim under Rules 12(b)(1) and 12(b)(6). The case was referred to a magistrate judge, who issued a Report and Recommendation to grant the motion to dismiss. The magistrate judge reasoned that the FTCA did not apply because the

---

[3] The FTCA provides a limited waiver of the United States' sovereign immunity for certain torts committed by federal employees. 28 U.S.C. § 1346(b)(1). The "law enforcement proviso" of the FTCA sets out exceptions to § 1346(b)(1)'s waiver of sovereign immunity, creating a means to sue the federal government for intentional torts. The proviso includes "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

claim was instead based in admiralty law and, for the claim to be viable, Lantigua-Núñez needed to bring the action under the SIAA. Lantigua-Núñez sought to amend his complaint to add an SIAA claim, but the magistrate judge recommended denying that request because the claim would have been time-barred by the SIAA's two-year statute of limitations.

Lantigua-Núñez filed a timely objection to the magistrate judge's finding that the FTCA did not apply to his claims. He did not, however, seek review of the finding that his claims would have been time-barred by the SIAA. The District Court dismissed the case with prejudice, adopting the Report and Recommendation. Lantigua-Núñez now appeals.

## II. DISCUSSION

Lantigua-Núñez raises, on appeal, several challenges to the district court's decision. He first posits that the law enforcement proviso of the FTCA provides jurisdiction for claims against federal law enforcement officers, regardless of location. Lantigua-Núñez then asserts that the SIAA's exclusive control of maritime claims does not "supplant" the FTCA in his case because "the essence of the claim is unlawful police-type conduct." And lastly, he claims that the strict application of the SIAA would leave him without a remedy and provide "a loophole through which federal law enforcement could do at sea what they could never lawfully do on land, without civil accountability." The Government

opposes these claims and argues that the district court correctly held that Lantigua-Núñez's claims "sound in admiralty" and are therefore governed exclusively by the SIAA. For the reasons stated below, we find Lantigua-Núñez's arguments unconvincing and affirm.

We review motions under Rules 12(b)(1) and 12(b)(6) de novo. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). When reviewing a Rule 12(b)(1) motion, we "construe the Complaint liberally and treat all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inferences." Id. At the same time, when a defendant challenges subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction. Id. In reviewing a Rule 12(b)(6) motion, we must determine whether the plaintiff asserted sufficient "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must not "forecast a plaintiff's likelihood of success on the merits . . . ." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12-13 (1st Cir. 2011). Instead, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id. at 13.

We conclude that Lantigua-Núñez's claim sounds in admiralty against the United States, and the SIAA provides a remedy

for that claim. Lantigua-Núñez argues that the law enforcement proviso of the FTCA provides grounds for relief for "any" intentional torts committed by law enforcement agents, and from this, suggests that "Congress intended a broad remedy for law enforcement abuses, which logically encompasses abuses at sea." But he ignores the "unambiguous language" of the FTCA, which "should be regarded as conclusive." See United States v. Turkette, 452 U.S. 576, 580 (1981). Specifically, the FTCA expressly excludes from its waiver of sovereign immunity "[a]ny claim for which a remedy is provided by chapter 309 . . . of title 46 -- that is, the SIAA -- "relating to claims or suits in admiralty against the United States." 28 U.S.C. § 2680(d). To the extent Lantigua-Núñez's claims arise under the SIAA, then, the FTCA excepts them from its waiver of sovereign immunity. See Guidry v. Durkin, 834 F.2d 1465, 1471 (9th Cir. 1987) (stating that "the FTCA is unavailable for admiralty claims governed by the [SIAA]"). Lantigua-Núñez ignores the consensus of circuits (identified by the USCG) who have held that, if a claim is covered by the SIAA, the FTCA cannot serve as alternate grounds for a claim. Anderson, 317 F.3d at 1237; Ayers v. United States, 277 F.3d 821, 825 (6th Cir. 2002) ("Claims for which a remedy is available under [SIAA] are not cognizable under FTCA." (citation modified)); McCormick v. United States, 680 F.2d 345, 348 (5th Cir. 1982) (explaining that "appellants' assertion of jurisdiction under the FTCA is correct

only if their claims do not fall within the coverage of the [SIAA]"); Callas' Est. v. United States, 682 F.2d 613, 619 n.7 (7th Cir. 1982) ("Claims for which a remedy is available under the SIAA are not cognizable under the FTCA.").

We must therefore determine whether Lantigua-Núñez's claim falls within the SIAA's maritime jurisdiction. The SIAA waives sovereign immunity for intentional maritime torts against the federal government. See 28 U.S.C. § 2680(d). It also states that "[i]f a remedy is provided by this chapter, it shall be exclusive of any other action arising out of the same subject matter . . . ." 46 U.S.C. § 30904. That is, a claim falling under the SIAA may not be pursued under another non-maritime statute. See id.

"[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity." Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995). A claim satisfies the location element when the injury "occurred on navigable water" or was "caused by a *vessel* on navigable water." Florio v. Olson, 129 F.3d 678, 680 (1st Cir. 1997). The connection element depends on two issues: whether the "'general character' of the activity giving rise to the incident" has "a substantial relationship to traditional maritime activity" and whether the incident has "a

- 9 -

potentially disruptive impact on maritime commerce." Id. (quoting Grubart, 513 U.S. at 534). When defining a defendant's conduct, plaintiffs may not hypergeneralize to "eliminat[e] the maritime aspect of the tortfeasor's activity from consideration." Grubart, 513 U.S. at 542.

Here, Lantigua-Núñez concedes that the "location" element is satisfied because the incident in the present case "occurred on navigable water"; however, he says the "connection" element isn't satisfied mainly because he was shot from a USCG helicopter, and that aerial attack -- as well as the USCG's more general law enforcement duties -- cannot constitute "maritime activity.". But his attempt to favorably construe the USCG's conduct outside of maritime jurisdiction resembles the exact "hypergeneralization" the Supreme Court warned against in Grubart. Id. Lantigua-Núñez conveniently glosses over the involvement of multiple water vessels and the USCG's domain over maritime activity. See id. Moreover, the USCG's actions bear "a significant relationship" to its "traditional maritime activity" of patrolling and enforcing the law on the waters. See Kelly v. United States, 531 F.2d 1144, 1147-48 (2d Cir. 1976) (explaining "[i]t would be impossible to find an agency of our government with a closer relationship to maritime activity [than the USCG]"). Given the USCG's duty to enforce the laws on the waters, its own failure to follow the law, such as by employing unlawful force

- 10 -

against crewmen navigating the waters, would also have a potentially disruptive effect on maritime commerce. Thus, Lantigua-Núñez's claim satisfies both the location and connection elements of a maritime claim and thus falls under maritime jurisdiction. And because the SIAA applies and the FTCA exempts from its reach those cases that could be brought under the SIAA, he cannot bring suit under the FTCA. 46 U.S.C. § 30904; 28 U.S.C. § 2680(d); Anderson v. United States, 317 F.3d 1235, 1237 (11th Cir. 2003) (per curiam) ("Thus, if admiralty jurisdiction exists for Anderson's claim, it cannot be brought under the FTCA.").

In a similar vein, Lantigua-Núñez argues that the SIAA does not provide him with an adequate remedy because his is "not the sort of claim envisioned when the SIAA was enacted or amended; it is not about the operation of vessels or maritime commerce at all, except incidentally by location." However, the SIAA's unambiguously exclusive control over maritime claims entails that the location of the cause of action is not "incidental" by any means but is a deciding factor in determining jurisdiction. 46 U.S.C. § 30904. We agree with the district court that Lantigua-Núñez's arguments on congressional intent do not overcome the clear statutory language.

Lantigua-Núñez attempts to avoid the reality that he cannot sue under the FTCA by arguing that the SIAA's exclusivity provision does not apply because he does not have a remedy under

the SIAA (recall that his SIAA claim was time-barred).  But that argument does not hold water.  Lantigua-Núñez had a proper means to pursue his remedy (the SIAA), he just failed to timely file that claim.  And he, of course, cannot now turn around and say that his failure to file a timely SIAA claim is actually the reason that the SIAA doesn't apply.  See United States v. Carroll, 105 F.3d 740, 744 (1st Cir. 1997) ("Wherever possible, statutes should be construed in a commonsense manner . . . honoring plain meaning . . . and avoiding absurd or counter-intuitive results . . . ." (internal citations omitted)).

### III. CONCLUSION

For the reasons stated above, we **affirm** the decision to dismiss the case with prejudice.