■ ARNALDO GUZMAN, Respondent, v GUMLEY-HAFT, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. U.S. SECURITY SYSTEMS, INC., Third-Party Defendant-Respondent. [712 NYS2d 45] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barron, J.), entered June 26, 1999, as granted the plaintiff's motion for summary judgment on the issue of liability, and denied their cross motion for summary judgment with regard to their third-party common-law indemnification claim.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff was removing and reinstalling a security camera system on a building owned by the defendant Park Seventy Ninth Corp. and managed by the other defendant Gumley-Haft, Inc. The plaintiff was using a ladder to feed a cable through a hole in the wall which was 14 feet above the

ground. As he was stretching to feed the cable through this hole, the ladder tipped over and he fell to the ground, sustaining injuries.

The task that the plaintiff was engaged in at the time of the accident is covered by Labor Law § 240 (1). Because the plaintiff was removing and installing a fixture to the building, his task must be considered a "repair" or "alteration" to a "building" or "structure" (see, Morales v City of New York, 245 AD2d 431; Purdie v Crestwood Lake Hgts. Section 4 Corp., 229 AD2d 523; Buckley v Radovich, 211 AD2d 652). Furthermore, the plaintiff established a prima facie case as to liability under Labor Law § 240 (1) since he presented evidence that the accident occurred when an unsecured ladder tipped over, causing him to fall and sustain injuries (see, Posillico v Laquila Constr., 265 AD2d 394; Johnson v Rapisarda, 262 AD2d 365; Turisse v Dominic Milone, Inc., 262 AD2d 305; Whalen v Sciame Constr. Co., 198 AD2d 501). Because the defendants were unable to show that the failure to secure the ladder was not a substantial factor leading to the plaintiff's injuries, summary judgment was properly granted to the plaintiff.

The Supreme Court properly denied the defendants' motion for summary judgment with respect to their claim of common-law indemnification against the plaintiff's employer, the third-party defendant U.S. Security Systems, Inc. Because the ladder in question was allegedly supplied by the defendants, a question of fact exists as to whether they supplied a defective ladder and were therefore negligent (see, Lopez v 36-2nd J Corp., 211 AD2d 667; La Lima v Epstein, 143 AD2d 886).

The defendants' remaining contentions are without merit. Ritter, J. P., Santucci, Altman and Schmidt, JJ., concur.