In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff, Mutual Housing Association of New York, Inc., and the third-party defendant, Fresh Meadows Painting Corp., appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Held, J.), dated May 24, 2002, as, upon a jury verdict awarding the plaintiff Cezary Tworek, inter alia,. damages in the sum of $500,000 for future lost wages, is in favor of that plaintiff and against the defendant third-party plaintiff, and in favor of the defendant third-party plaintiff and against the third-party defendant.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff Cezary Tworek was injured when he fell from a ladder while employed as a laborer. After a trial, the jury awarded him, inter alia, damages in the sum of $500,000 for future lost wages. The defendant third-party plaintiff, Mutual Housing Association of New York, Inc. (hereinafter MHANY), and the third-party defendant, Fresh Meadows Painting Corp. (hereinafter Fresh Meadows), appeal. We affirm.
*589 On the record presented, the sole argument raised by MHANY and Fresh Meadows that was preserved for appellate review is that the jury’s award of future lost wages should be set aside as a matter of law based on testimony that the injured plaintiff was employable in a position that did not involve heavy physical labor, such as light or sedentary clerical work. However, this argument is without merit. Even crediting the testimony as to the injured plaintiffs future employability and the wages he might earn, the amount of future lost earnings awarded by the jury was less than the difference between the figure proffered by the plaintiffs as the amount of damages and the highest wage mitigation figure proffered by the defendants. Thus, the jury’s verdict clearly took into account the injured plaintiffs future employability and his duty to mitigate his damages (see Perla v New York Daily News, 123 AD2d 349 [1986]; Bell v Shopwell, Inc., 119 AD2d 715 [1986]).
The appellants’ remaining contentions are not preserved for appellate review and, in any event, are without merit. Ritter, J.P, Smith, Goldstein and H. Miller, JJ., concur.