■ CHARLES A. LORETO, Respondent, v 376 ST. JOHNS CONDOMINIUM, INC., Appellant, et al., Defendant. [790 NYS2d 190]—

In an action to recover damages for personal injuries, the defendant 376 St. Johns Condominium, Inc., appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 2, 2003, which granted the plaintiff's motion for summary judgment on the issue of liability on his cause of action to recover damages for violation of Labor Law § 240 (1) and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200 and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the causes of action alleging common-law negligence and violation of Labor Law § 200 are dismissed.

The plaintiff was injured when he fell from a ladder while applying a wallpaper border to the upper portions of the walls in

the lobby and interior stairway of a building owned by the defendant 376 St. Johns Condominium, Inc. (hereinafter the defendant). Part of the plaintiff's job entailed preparing the walls in order to apply the wallpaper border. To prepare the walls, the plaintiff scraped them to ensure they were smooth, spackled over uneven surfaces, and painted over the areas where there was flaking or discoloration.

The plaintiff created a makeshift platform which consisted of a metal crate and a piece of plywood where he rested his ladder, giving him access to greater heights near the top of the walls closest to the ceiling. The plaintiff positioned the ladder, using the crate and plywood, on the fourteenth step between the second and third floor landings. The ladder subsequently shifted, causing the plaintiff to fall approximately 20 feet.

The scraping and painting performed by the plaintiff were protected activities under Labor Law § 240 (1) and need not have been incidental to the other listed activities, such as construction, repair, or alteration, to be covered (*see De Oliveira v Little John's Moving,* 289 AD2d 108 [2001], citing *Perez v Spring Cr. Assoc.,* 265 AD2d 314 [1999]; *Livecchi v Eastman Kodak Co.,* 258 AD2d 916 [1999]). Since it is uncontested that the plaintiff fell from an unsecured ladder which slipped out from underneath him, the Supreme Court properly determined that the plaintiff was entitled to summary judgment on the issue of liability on his cause of action to recover damages for violation of Labor Law § 240 (1) (*see Mannes v Kamber Mgt.,* 284 AD2d 310, 311 [2001]; *Lacey v Turner Constr. Co.,* 275 AD2d 734 [2000]; *Guzman v Gumley-Haft, Inc.,* 274 AD2d 555 [2000]).

With respect to the plaintiff's causes of action to recover damages for violation of Labor Law § 200 and for common-law negligence, liability for such claims will attach when the injury sustained was a result of an actual dangerous condition, and then only if the defendant exercised supervisory control over the work performed on the premises or had notice of the dangerous condition which produced the injury (*see Sprague v Peckham Materials Corp.,* 240 AD2d 392, 394 [1997]). Given that the defendant neither directed nor controlled the method or manner in which the plaintiff conducted his work, nor had notice that the ladder was placed in a dangerous position, the plaintiff failed to satisfy the requisite elements to sustain causes of action based on Labor Law § 200 and common-law negligence (*see Lombardi v Stout,* 80 NY2d 290 [1992]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur. [*See* 196 Misc 2d 791.]