■ LEONARD CHLAP et al., Appellants, v 43RD STREET-SECOND AVENUE CORPORATION, Defendant, and ZAN WOMEN'S CLOTHING, Respondent. [795 NYS2d 617]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated March 5, 2004, as denied that branch of their motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and granted that branch of the cross motion of the defendant Zan Women's Clothing which was for summary judgment dismissing the cause of action based upon common-law negligence insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs established their prima facie entitlement to judgment as a matter of law on the cause of action pursuant to Labor Law § 240 (1), by submitting evidence that the injured plaintiff, Leonard Chlap, was injured when he fell after the unsecured ladder on which he was standing slipped out from underneath him as he attempted to step onto a ledge (*see Loreto v 376 St. Johns Condominium,* 15 AD3d 454 [2005]; *Blair v Cristani,* 296 AD2d 471 [2002]; *Guzman v Gumley-Haft, Inc.,* 274 AD2d 555 [2000]). Since, in opposition to the motion, the respondent failed to raise a triable issue of fact as to whether Chlap's conduct was the sole proximate cause of the accident, that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1) should have been granted (*see Wallace v Stonehenge Group,* 1 AD3d 589 [2003]).

However, the court properly granted that branch of the respondent's cross motion which was for summary judgment dismissing the plaintiffs' cause of action based on common-law negligence insofar as asserted against it (*see Loreto v 376 St. Johns Condominium, supra*). Florio, J.P., Adams, Luciano and Skelos, JJ., concur.