■ ROBERT BOE et al., Respondents, v ALBERT GAMMARATI, JR., et al., Appellants. (And a Third-Party Action.) [809 NYS2d 550]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (La Cava, J.), entered June 21, 2004, which granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The injured plaintiff established his prima facie entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1) by submitting evidence that he fell while descending an unsecured ladder which twisted, lost

contact with the wall, and slipped out from underneath him (*see Chlap v 43rd St.-Second Ave. Corp.*, 18 AD3d 598 [2005]; *Granillo v Donna Karen Co.*, 17 AD3d 531 [2005], *lv dismissed in part and denied in part* 5 NY3d 878 [2005]; *Loreto v 376 St. Johns Condominium, Inc.*, 15 AD3d 454 [2005]; *Guzman v Gumley-Haft, Inc.*, 274 AD2d 555 [2000]; *Madden v Trustees of Duryea Presbyt. Church*, 210 AD2d 382 [1994]). In opposition, the defendants failed to raise a triable issue of fact as to whether the injured plaintiff's own actions were the sole proximate cause of the accident (*see Chlap v 43rd St.-Second Ave. Corp.*, *supra*; *Velasco v Green-Wood Cemetery*, 8 AD3d 88 [2004]). Florio, J.P., Skelos, Fisher and Lunn, JJ., concur.