■ ELMER ARGUETA, Respondent, v POMONA PANORAMA ESTATES, LTD., Defendant and Third-Party Plaintiff-Appellant. S & B PROFESSIONAL CONSTRUCTION, Also Known as S & B PROFESSIONAL BUILDERS, INC., Third-Party Defendant-Respondent. [835 NYS2d 358]—

In an action to recover damages for personal injuries, the defendant and third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated March 7, 2006, as granted the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action and denied that branch of its cross motion which was for summary judgment on the third-party claim for contractual indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was for summary judgment on the third-party claim for contractual indemnification and substituting therefor a provision granting that branch of the cross motion; as so modified,

the order is affirmed insofar as appealed from, without costs or disbursements.

On his motion, the plaintiff met his burden of demonstrating his entitlement to judgment as a matter of law on the issue of liability on his Labor Law § 240 (1) cause of action by submitting evidence establishing that he fell while climbing an unsecured ladder that had been placed on uneven dirt, which suddenly slid to the right (*see Boe v Gammarati*, 26 AD3d 351 [2006]; *Chlap v 43rd St.-Second Ave. Corp.*, 18 AD3d 598 [2005]; *Peter v Nisseli Realty Co.*, 300 AD2d 289, 289-290 [2002]; *Johnson v Rapisarda*, 262 AD2d 365 [1999]; *Kinsler v Lu-Four Assoc.*, 215 AD2d 631, 632 [1995]; *Madden v Trustees of Duryea Presbyt. Church*, 210 AD2d 382 [1994]). Since, in opposition, the defendant and third-party plaintiff Pomona Panorama Estates, Ltd. (hereinafter Pomona), failed to raise a triable issue of fact as to whether the plaintiff's own actions were the sole proximate cause of his injuries, the Supreme Court correctly granted the plaintiff's motion for summary judgment on that cause of action (*see Boe v Gammarati, supra* at 352; *Chlap v 43rd St.-Second Ave. Corp., supra* at 598; *Peter v Nisseli Realty Co., supra* at 290).

The contractual indemnification provision at issue requires the third-party defendant S & B Professional Construction, also known as S & B Professional Builders, Inc. (hereinafter S & B), to indemnify Pomona "[t]o the fullest extent permitted by law" for any "claims, damages, losses, and expenses . . . arising out of or resulting from performance of [the] subcontracted work" that S & B performed "to the extent caused in whole or part by" S & B. It is clear that Pomona was not actively negligent, that the plaintiff's injuries arose out of the performance of the subcontracted work, and that the plaintiff's damages were "caused" by S & B. Upon S & B's failure to raise a triable issue of fact in response to Pomona's establishment, prima facie, of its entitlement to judgment as a matter of law, the Supreme Court should have granted that branch of Pomona's cross motion which was for summary judgment on the third-party claim against S & B for contractual indemnification (*see Tkach v City of New York*, 278 AD2d 227, 229 [2000]; *Pope v Supreme-K.R.W. Constr. Corp.*, 261 AD2d 523, 525 [1999]). Moreover, S & B's contention that Pomona's cross motion for summary judgment was premature is without merit (*cf.* CPLR 3212 [f]).

In light of our determination, Pomona's remaining contention is not properly before the Court (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]; *Kok Choy Yeen v NWE Corp.*, 37 AD3d 547 [2007]), and, in any event, has been rendered academic (*see Wil-*

*liams v General Elec. Co.*, 8 AD3d 866, 868 [2004]; *Squires v Marini Bldrs.*, 293 AD2d 808, 809 [2002]; *Covey v Iroquois Gas Transmission Sys.*, 218 AD2d 197, 201 [1996], *affd* 89 NY2d 952 [1997]). Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.