■ CHRISTOPHER RICCIARDI et al., Appellants, v BERNARD JANOWITZ CONSTRUCTION CORP. et al., Defendants and Third-Party Plaintiffs-Respondents. JME FIRE SPRINKLER CORP. et al., Third-Party Defendants-Respondents. [853 NYS2d 373]—

The plaintiff Christopher Ricciardi (hereinafter the plaintiff) was injured when he fell from the seventh rung of an unsecured A-frame ladder while installing a sprinkler system at a construction site. As he tightened an overhead pipe with a wrench, the unsecured ladder began to slide and the front legs lifted off the ground, causing the plaintiff to fall backwards to the ground. Under these circumstances, the plaintiff established his prima facie entitlement to summary judgment on the issue of liability pursuant to Labor Law § 240 (1) (*see Argueta v Pomona Panorama Estates, Ltd.*, 39 AD3d 785, 786 [2007]; *Rivera v Dafna Constr. Co., Ltd.*, 27 AD3d 545 [2006]; *Chlap v 43rd St.-Second Ave. Corp.*, 18 AD3d 598 [2005]; *Granillo v Donna Karen Co.*, 17 AD3d 531 [2005]; *Loreto v 376 St. Johns Condominium, Inc.*, 15 AD3d 454, 455 [2005]; *Scotti v Federation Dev. Corp.*, 289 AD2d 322, 323 [2001]; *Guzman v Gumley-Haft, Inc.*, 274 AD2d 555, 556 [2000]; *cf. Bland v Manocherian*, 66 NY2d 452, 460 [1985]).

In opposition, the respondents failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of the accident (*see Argueta v Pomona Panorama Estates, Ltd.*, 39 AD3d at 786; *Chlap v 43rd St.-Second Ave. Corp.*, 18 AD3d 598 [2005]; *Wallace v Stonehenge Group*, 1 AD3d 589, 590 [2003]; *compare Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 291 [2003]) or as to whether the failure to properly secure the ladder was not a substantial factor leading to the plaintiff's injuries (*see Guzman v Gumley-Haft, Inc.*, 274 AD2d at 556). Accordingly, the Supreme Court erred in denying the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Skelos, J.P., Fisher, Covello and Eng, JJ., concur.