■ MICHAEL DENIS et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants. [863 NYS2d 773]—

In an action to recover damages for personal injuries, etc., the defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Jacobson, J.), entered October 12, 2006, as, upon an order of the same court dated March 4, 2003, granting the plaintiffs' motion for summary judgment on the issue of liability against it on the cause of action pursuant to Labor Law § 240 (1), and upon a jury verdict on the issue of damages finding, inter alia, that the plaintiff Michael Denis sustained damages in the sums of $600,000 for past pain and suffering, $400,000 for future pain and suffering, and $200,000 for past medical expenses, is in favor of the plaintiffs and against it in the total sum of $1,306,060.50.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding damages to the plaintiff Michael Denis for past medical expenses in the sum of $200,000 and substituting therefor a provision awarding him damages for past medical expenses in the sum of $68,000; as so modified, the judgment is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

The plaintiff Michael Denis (hereinafter the plaintiff) was injured when he fell from the second step from the top of an unsecured ladder while removing guard frames from the windows at a school in Manhattan. The ladder had been placed on a plywood base platform, which was approximately five feet above the floor. As the plaintiff was removing one of the guard frames, the ladder began to shake, causing him to fall to the

ground. In his affidavit, the plaintiff asserted that at the time of his fall, there were no safety belts, nets, or other safety devices in the area, and he was not equipped with any safety devices. Under the circumstances, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action pursuant to Labor Law § 240 (1) (*see Ricciardi v Bernard Janowitz Constr. Corp.*, 49 AD3d 624 [2008]; *Argueta v Pomona Panorama Estates, Ltd.*, 39 AD3d 785, 786 [2007]; *Boe v Gammarati*, 26 AD3d 351, 351-352 [2006]; *Loreto v 376 St. Johns Condominium, Inc.*, 15 AD3d 454, 455 [2005]; *Guzman v Gumley-Haft, Inc.*, 274 AD2d 555, 556 [2000]). In opposition to this prima facie showing, the defendant City of New York failed to raise a triable issue of fact.

In light of the evidence adduced at trial, the award for past medical expenses must be reduced, as a matter of law, to the extent indicated herein.

The parties' remaining contentions are without merit. Spolzino, J.P., Fisher, Carni and Dickerson, JJ., concur.