CASEY MINGO, Appellant, v JEFFREY LEBEDOWICZ et al., Defendants, and ROOSEVELT SQUARE, LLC, Respondent. [869 NYS2d 163]—

The plaintiff alleged that, while he was working at a construction site as an electrician and mechanic employed by Foster Electrical Service, Inc. (hereinafter Foster), a 10-foot tall A-frame aluminum ladder upon which he was standing, tipped over, causing him to fall and sustain injuries. Prior to the accident, the plaintiff's supervisor directed him to work alone and finish installing electrical conduit piping along the middle of the ceiling on the second floor of the building. According to the plaintiff, based on a conversation he had with his supervisor when given the task, and since the only ladder Foster had on

site was an extension ladder that had to be leaned against a wall, his supervisor understood that for the plaintiff to complete the task, he would have to use a ladder not owned by Foster. Moreover, the plaintiff's supervisor did not advise or require the plaintiff to use any safety devices. The plaintiff went to the second floor and used a 10-foot tall aluminum A-frame ladder belonging to one of the other contractors to access the work area in the 18-foot high ceiling in the middle of the room. According to the plaintiff, the protocol at the premises was for contractors to share equipment and tools as needed. The plaintiff climbed up the ladder, stopping at the second rung from the top, and began using a screwdriver to tighten a pipe coupling. As he did so, the ladder tipped over to the left, causing the plaintiff to fall about eight feet to the concrete floor and sustain injuries.

The plaintiff thereafter commenced this action against, among others, the building owner, Roosevelt Square, LLC (hereinafter Roosevelt Square), seeking to recover damages for violations of Labor Law § 240 (1), § 241 (6) and § 200, as well as common-law negligence. After completion of discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action against Roosevelt Square, contending that it violated this provision since the unsecured A-frame ladder was inadequate. In the order appealed from, the Supreme Court denied the plaintiff's motion on the ground that he failed to make a prima facie case against Roosevelt Square that the ladder was defective. We reverse the order insofar as appealed from.

As a building owner, Roosevelt Square may be held liable for violation of Labor Law § 240 (1) even if it did not exercise supervision or control over the work (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287 [2003]). To hold a building owner strictly liable, a plaintiff must show both a violation of Labor Law § 240 (1) and that such violation proximately caused his injuries (*id.*).

Labor Law § 240 (1) provides that "[a]ll contractors and owners and their agents . . . shall furnish or erect, or cause to be furnished or erected . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to [construction workers employed on the premises]" (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 499-500 [1993]).

The purpose of this statute, commonly referred to as the "scaffold law," is to "protect[ ] workers by placing ultimate

responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor . . . , instead of on workers, who are scarcely in a position to protect themselves from accident" (*Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520 [1985] [internal quotations marks omitted]).

The plaintiff established a prima facie case that his injuries resulted from a violation of Labor Law § 240 (1) with proof that an unsecured ladder upon which he was standing tipped over, causing him to fall and sustain injuries. Contrary to the Supreme Court's determination, where, as here, the plaintiff alleges that the subject ladder tipped over for no apparent reason, the plaintiff does not have the burden of setting forth evidence that the ladder was defective (*see Panek v County of Albany,* 99 NY2d 452, 458 [2003]; *Ricciardi v Bernard Janowitz Constr. Corp.,* 49 AD3d 624, 625 [2008]; *Johnson v Flatbush Presbyt. Church,* 29 AD3d 862, 863 [2006]; *Chlap v 43rd St.-Second Ave. Corp.,* 18 AD3d 598 [2005]; *Loreto v 376 St. Johns Condominium, Inc.,* 15 AD3d 454, 455 [2005]; *Sztachanski v Morse Diesel Intl., Inc.,* 9 AD3d 457, 457-458 [2004]; *Guzman v Gumley-Haft, Inc.,* 274 AD2d 555, 556 [2000]).

In opposition, Roosevelt Square failed to raise a triable issue of fact. Accordingly, that branch of the plaintiff's motion which was for summary judgment on the issue of liability to recover damages for violation of Labor Law § 240 (1) insofar as asserted against Roosevelt Square should have been granted (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

Further, Roosevelt Square's expression of hope that further discovery will reveal something helpful to its case is not a sufficient ground to postpone a determination of the plaintiff's motion (*see Salon v Millinery Syndicate, Inc.,* 47 AD3d 914, 915 [2008]; *cf. Williams v Dover Home Improvement,* 276 AD2d 626, 627 [2000]). Mastro, J.P., Rivera, Fisher and Eng, JJ., concur.