■ Andrew Rivera, Respondent, v 800 Alabama Ave., LLC, et al., Defendants, and Vasap Development Corp., Appellant. [892 NYS2d 915]—

In an action to recover damages for personal injuries, the defendant Vasap Development Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated June 12, 2008, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when an unsecured extension ladder slipped from underneath him as he was applying molding around the top edge of a freezer. As the ladder slipped,

the plaintiff, who was on the fourth or fifth rung, climbed higher and grabbed a vertical metal stud which ran from the top of the freezer to the ceiling. Although the plaintiff did not fall, his right hand was cut by the metal stud.

The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against the defendant Vasap Development Corp. (hereinafter the appellant) (*see Runner v New York Stock Exch., Inc.,* 13 NY3d 599 [2009]; *Razzak v NHS Community Dev. Corp.,* 63 AD3d 708, 709 [2009]; *Ricciardi v Bernard Janowitz Constr. Corp.,* 49 AD3d 624, 625 [2008]; *Argueta v Pomona Panorama Estates, Ltd.,* 39 AD3d 785, 786 [2007]; *Guzman v Gumley-Haft, Inc.,* 274 AD2d 555, 556 [2000]).

In opposition, the appellant failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of the accident (*see Gordon v Eastern Ry. Supply,* 82 NY2d 555, 563 [1993]; *Ricciardi v Bernard Janowitz Constr. Corp.,* 49 AD3d at 625; *Chlap v 43rd St.-Second Ave. Corp.,* 18 AD3d 598 [2005]; *compare Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280 [2003]), or as to whether the failure to properly secure the ladder was not a substantial factor leading to the plaintiff's injuries (*see Klein v City of New York,* 89 NY2d 833, 834-835 [1996]; *Ricciardi v Bernard Janowitz Constr. Corp.,* 49 AD3d at 625; *Guzman v Gumley-Haft, Inc.,* 274 AD2d at 556). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the complaint as alleged a violation of Labor Law § 240 (1) insofar as asserted against the appellant.

The appellant's remaining contention is without merit (*see Sanatass v Consolidated Inv. Co., Inc.,* 10 NY3d 333, 337 [2008]; *Panek v County of Albany,* 99 NY2d 452, 457-458 [2003]; *Weininger v Hagedorn & Co.,* 91 NY2d 958, 959-960 [1998]; *Cuddon v Olympic Bd. of Mgrs.,* 300 AD2d 616, 617 [2002]). Dillon, J.P., Covello, Miller and Chambers, JJ., concur.