◼ MARIA MARTINEZ, as Executor of VICTOR MARTINEZ, Deceased, Appellant-Respondent, v ASHLEY APTS Co., LLC, et al., Defendants/Third-Party Plaintiffs-Respondents. P & G CONSTRUCTION CORP., Third-Party Defendant-Respondent-Appellant. [915 NYS2d 620]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated October 8, 2009, as denied her motion for summary judgment on the issue of liability with respect to her cause of action alleging a violation of Labor Law § 240 (1), and granted those branches of the respective cross motions of the defendants/third-party plaintiffs and the third-party defendant which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), and the third-party defendant cross-appeals, as limited by its brief, from so much of the same order as granted that branch of its cross motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification.

Ordered that the cross appeal by the third-party defendant is dismissed, as the third-party defendant is not aggrieved by the order cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the respective cross motions of the defendants/third-party plaintiffs and the third-party defendant which were for summary judgment dismissing the plaintiff's cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor provisions denying those branches of the cross motions; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The complaint alleges that the plaintiff's decedent fell from a scaffold while working at a building owned by the defendant/third-party plaintiff Ashley Apts Co., LLC, and managed by the defendant/third-party plaintiff, M & R Management Co., Inc. (hereinafter together Ashley). The plaintiff maintained, inter alia, that the scaffold from which the decedent fell failed to

provide him with proper protection within the meaning of Labor Law § 240 (1) since it was missing a center safety rail. Subsequently, Ashley commenced a third-party action against the decedent's employer, P & G Construction Corp. (hereinafter P & G), seeking, among other things, contractual and common-law indemnification.

As relevant here, the Supreme Court denied the plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and granted those branches of the respective cross motions of Ashley and P & G which were for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 240 (1). The Supreme Court determined that the decedent's failure to wear an available safety harness was the sole proximate cause of the accident. We modify.

"Labor Law § 240 (1) imposes a nondelegable duty upon owners, contractors, or their agents to provide proper protection to a worker performing certain types of construction work" (*Aversano v JWH Contr., LLC*, 37 AD3d 745, 746 [2007]; *see Leniar v Metropolitan Tr. Auth.*, 37 AD3d 425, 426 [2007]). To prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Singh v City of New York*, 68 AD3d 1095, 1096 [2009]; *Tama v Gargiulo Bros., Inc.*, 61 AD3d 958, 960 [2009]). "However, a fall from a scaffold does not establish, in and of itself, that proper protection was not provided, and the issue of whether a particular safety device provided proper protection is generally a question of fact for the jury" (*Alava v City of New York*, 246 AD2d 614, 615 [1998] [citations omitted]).

Here, in support of the branches of their respective motion and cross motions which were for summary judgment with respect to the Labor Law § 240 (1) cause of action, neither the plaintiff, Ashley, nor P & G established their prima facie entitlement to judgment as a matter of law (*see Andro v City of New York*, 62 AD3d 919, 919-920 [2009]; *Bonilla v State of New York*, 40 AD3d 673, 675 [2007]). The parties' submissions raised triable issues of fact as to whether the scaffold provided proper protection within the meaning of Labor Law § 240 (1) and, if not, whether this was a proximate cause of the decedent's fall (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Alesius v Good Samaritan Hosp. Med. & Dialysis Ctr.*, 6 AD3d 470, 471 [2004]). In addition, a triable issue of fact exists as to whether the decedent's conduct was the

sole proximate cause of the accident (*see Woods v Gonzales*, 295 AD2d 602, 603 [2002]). Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.