■ JORGE ORDONEZ, Appellant, v C.G. PLUMBING SUPPLY CORP. et al., Respondents. (And a Third-Party Action.) [922 NYS2d 156]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), dated October 19, 2009, as denied his motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action is granted.

The plaintiff allegedly was injured when an unsecured extension ladder slipped from underneath him as he attempted to descend it after completing a welding task. To complete the task the plaintiff was hoisted to the roof of an adjoining building by a forklift. A coworker then placed the ladder against the wall of the building, and the plaintiff stood on the ladder while performing the welding task. After the plaintiff finished, as he took his first step down the ladder, the ladder slipped out away from the wall and fell to the ground, causing the plaintiff to fall and sustain injuries. The plaintiff was employed by the third-party

defendant, Santos Iron Works Corp., a company hired by the defendant Clinton Graham, the president of the defendant C.G. Plumbing Supply Corp. (hereinafter C.G. Plumbing), to construct a shed on property owned by Graham and leased to C.G. Plumbing.

The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on his Labor Law § 240 (1) cause of action by submitting his deposition testimony and the deposition testimony of a witness, which demonstrated that he fell from an unsecured extension ladder when it slid out from underneath him, and that the failure to secure the ladder proximately caused his injuries (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562 [1993]; *Rivera v 800 Alabama Ave., LLC*, 70 AD3d 798, 799 [2010]; *Razzak v NHS Community Dev. Corp.*, 63 AD3d 708, 708-709 [2009]; *Gilhooly v Dormitory Auth. of State of N.Y.*, 51 AD3d 719, 720 [2008]; *Ricciardi v Bernard Janowitz Constr. Corp.*, 49 AD3d 624, 625 [2008]). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of the accident (*see McCaffery v Wright & Co. Constr., Inc.*, 71 AD3d 842, 842 [2010]; *Yin Min Zhu v Triple L. Group, LLC*, 64 AD3d 590 [2009]; *Barr v 157 5 Ave., LLC*, 60 AD3d 796, 797 [2009]; *Mingo v Lebedowicz*, 57 AD3d 491, 493 [2008]). Contrary to the defendants' contention, the forklift was not a proper safety device within the meaning of Labor Law § 240 (1) and, thus, the plaintiff's failure to use the forklift to complete his task, rather than the ladder, could not have been the sole proximate cause of the accident (*see Willard v Thomas Simone & Son Bldrs., Inc.*, 45 AD3d 1276, 1277-1278 [2007]). Accordingly, the Supreme Court erred in denying the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.