■ GERONIMO ESTEVES-RIVAS, Respondent-Appellant, v W2001Z/15CPW REALTY, LLC, Respondent, and QUICK PARK CENTRAL PARK, LLC, Appellant-Respondent. [961 NYS2d 497]—

In an action to recover damages for personal injuries, the defendant Quick Park Central Park, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), entered February 28, 2012, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied its motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, and the cross motion of the defendant Quick Park Central Park, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Quick Park Central Park, LLC.

On July 2, 2009, the plaintiff, an employee of nonparty Park Plus Vehicle Parking Systems (hereinafter Park Plus), was installing a car stacker system in a parking garage using a ladder that had been provided to him by Park Plus, when he lost his balance and fell to the ground, allegedly sustaining personal injuries. He subsequently commenced this action against W2001Z/15CPW Realty, LLC (hereinafter CPW Realty), the owner of the garage, and Quick Park Central Park, LLC (hereinafter Quick Park), the manager of the garage, to recover damages for personal injuries, alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), as well as common-law negligence. CPW Realty asserted cross claims against Quick Park, inter alia, for common-law indemnification.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1). "Labor Law § 240 (1) imposes a nondelegable duty upon owners, contractors, or their agents to provide proper protection to a worker performing certain types of construction work" (*Aversano v JWH Contr., LLC*, 37 AD3d 745, 746 [2007]; *see Martinez v Ashley Apts Co., LLC*, 80 AD3d 734, 735 [2011]; *Leniar v Metropolitan Tr. Auth.*, 37 AD3d 425, 426 [2007]). "To prevail on a Labor Law § 240 (1) cause of action, a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (*Allan v DHL Express [USA], Inc.*, 99 AD3d 828, 833 [2012]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Martinez v Ashley Apts Co., LLC*, 80 AD3d at 735). "[A] fall from a scaffold [or ladder] does not establish, in and of itself, that proper protection was not provided, and the issue of whether a particular safety device provided proper protection is generally a question of fact for the jury" (*Alava v City of New York*, 246 AD2d 614, 615 [1998] [citations omitted]; *Martinez v Ashley Apts Co., LLC*, 80 AD3d at 735 [internal quotation marks omitted]).

In attempting to establish that proper protection was not provided as required under Labor Law § 240 (1), a plaintiff cannot prevail by relying, as the plaintiff does here, solely on the fact that he fell from the ladder (*see Alava v City of New York*, 246 AD2d at 615). The plaintiff testified that he did not feel the ladder shaking or hear any noise from it before he fell, and that the ladder moved only after he had already started falling. This

is in contrast to the cases cited by the plaintiff, in which there was evidence, in addition to the fall itself, that the ladder had failed—by slipping, tipping over, or collapsing—and thereby caused the plaintiff to fall (*see e.g. Ricciardi v Bernard Janowitz Constr. Corp.*, 49 AD3d 624 [2008]; *Lesisz v Salvation Army*, 40 AD3d 1050 [2007]; *Chlap v 43rd St.-Second Ave. Corp.*, 18 AD3d 598 [2005]; *Loreto v 376 St. Johns Condominium, Inc.*, 15 AD3d 454 [2005]; *Sztachanski v Morse Diesel Intl., Inc.*, 9 AD3d 457 [2004]; *Peter v Nisseli Realty Co.*, 300 AD2d 289 [2002]; *Guzman v Gumley-Haft, Inc.*, 274 AD2d 555 [2000]; *Public Adm'r of Kings County v Tomassetti*, 271 AD2d 515 [2000]). Since the plaintiff failed to submit facts establishing that the ladder failed to provide proper protection, and that this failure caused the plaintiff's injuries, the plaintiff did not establish his prima facie entitlement to judgment as a matter of law (*see Alava v City of New York*, 246 AD2d at 615). Thus, the burden never shifted to the defendants to raise a triable issue of fact in opposition to the plaintiff's motion for summary judgment (*see* CPLR 3212 [b]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The Supreme Court erred in denying Quick Park's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done at the location a plaintiff is injured" (*Perez v 347 Lorimer, LLC*, 84 AD3d 911, 912 [2011] [internal quotation marks omitted]; *see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 293; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]; *Cambizaca v New York City Tr. Auth.*, 57 AD3d 701, 702 [2008]; *Linkowski v City of New York*, 33 AD3d 971, 974-975 [2006]). With regard to the cross claims against it for indemnification, Quick Park was required only to establish that it did not exercise actual supervision in the installation of car stackers at the garage (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 378 [2011]; *Allan v DHL Express [USA], Inc.*, 99 AD3d at 832-833).

In support of its cross motion, Quick Park submitted deposition testimony establishing conclusively that Quick Park's employees' duties at the garage were limited to parking cars and collecting money and that, once Park Plus commenced work on the installation, the work site was under its sole control and it

alone was responsible for safety at the site. This testimony established, prima facie, Quick Park's entitlement to judgment as a matter of law dismissing the causes of action alleging violations of the Labor Law and common-law negligence insofar as asserted against it, as well as the cross claims for common-law indemnification (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d at 562). In opposition, neither the plaintiff nor CPW Realty raised a triable issue of fact.

Contrary to CPW Realty's contention, the language of the management agreement between CPW Realty and Quick Park was insufficient to raise a triable issue of fact as to Quick Park's statutory agency under Labor Law §§ 240 (1) and 241 (6). Although the agreement stated that the manager shall "arrange for and supervise the installation of all car lifts," installation by Park Plus had already been arranged when the defendants entered into the agreement. In addition, nothing in the agreement "authorized [Quick Park] to supervise the [Park Plus] workers or charged it with overseeing safety" (*Grilikhes v International Tile & Stone Show Expos*, 90 AD3d 480, 483 [2011]).

Accordingly, the Supreme Court should have granted Quick Park's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Skelos, J.P., Leventhal, Hall and Sgroi, JJ., concur.