■ Junior Grant, Appellant-Respondent, v City of New York, Defendant/Third-Party Plaintiff-Respondent-Appellant. A & S Electric, Inc., Third-Party Defendant-Respondent-Appellant. [972 NYS2d 86]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Ash, J.), dated April 16, 2012, as denied his motion for summary judgment on the issue of liability as to the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), the defendant/third-party plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the complaint, and the third-party defendant separately cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification and granted that branch of the cross motion of the defendant/third-party plaintiff which

was for summary judgment on the third-party cause of action for contractual indemnification.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the plaintiff's motion for summary judgment on the issue of liability as to the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) and substituting therefor a provision granting that motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendant/third-party plaintiff which was for summary judgment dismissing the plaintiff's Labor Law § 200 and common-law negligence causes of action, and substituting therefor a provision granting that branch of its cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant/third-party plaintiff, and one bill of costs is awarded to the defendant/third-party plaintiff, payable by the third-party defendant.

The plaintiff was injured when he fell from a ladder while performing electrical work at a New York City school. The plaintiff commenced this action to recover damages for personal injuries, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). The City of New York commenced a third-party action against the plaintiff's employer, A & S Electric, Inc. (hereinafter A & S).

In order to prevail on a Labor Law § 240 (1) cause of action, the plaintiff must establish that the statute was violated and that the violation was a proximate cause of his injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on his Labor Law § 240 (1) cause of action by submitting evidence which demonstrated that he fell from an unsecured straight ladder when it shifted to the side, and that the failure to secure the ladder proximately caused his injuries (see Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d 962, 963 [2012]; Melchor v Singh, 90 AD3d 866, 868 [2011]; Ordonez v C.G. Plumbing Supply Corp., 83 AD3d 1021, 1022 [2011]). In opposition, the City failed to raise a triable issue of fact. Contrary to the City's contention, the plaintiff's alleged failure to have a coworker hold the bottom of the ladder or to use an available nylon rope to secure the bottom of the ladder to a stationary object did not raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of

the accident (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562-563 [1993]; *Kaminski v Carlyle One*, 51 AD3d 473, 474 [2008]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 618-619 [2008]; *Madden v Trustees of Duryea Presbyt. Church*, 210 AD2d 382 [1994]; *cf. Serrano v Popovic*, 91 AD3d 626, 627 [2012]). Thus, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action (*see Canas v Harbour at Blue Point Home Owners Assn., Inc.*, 99 AD3d at 964; *Melchor v Singh*, 90 AD3d at 869-870; *Ordonez v C.G. Plumbing Supply Corp.*, 83 AD3d at 1022; *Mannes v Kamber Mgt.*, 284 AD2d 310 [2001]).

The plaintiff also established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6). Labor Law § 241 (6) imposes a nondelegable duty upon an owner or general contractor to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (*see Misicki v Caradonna*, 12 NY3d 511, 515 [2009]; *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348 [1998]). Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on this cause of action with evidence of a violation of Industrial Code (12 NYCRR) § 23-1.21 (b) (4) (iv), and that such violation was a proximate cause of his injuries. In opposition, the City failed to raise a triable issue of fact (*see Melchor v Singh*, 90 AD3d at 870). Thus, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability as to his Labor Law § 241 (6) cause of action.

The City established its prima facie entitlement to judgment as a matter of law dismissing the plaintiff's Labor Law § 200 and common-law negligence causes of action through the submission of evidence that it did not have the authority to exercise that degree of direction and control necessary to impose liability under those causes of action (*see Cambizaca v New York City Tr. Auth.*, 57 AD3d 701, 702 [2008]; *McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007]; *Haider v Davis*, 35 AD3d 363, 364 [2006]). The plaintiff failed to oppose this branch of the City's motion and therefore failed to raise a triable issue of fact (*see Allan v DHL Express [USA], Inc.*, 99 AD3d 828, 832 [2012]). Therefore, the Supreme Court should have granted that branch of the City's cross motion.

Finally, the City established its prima facie entitlement to

judgment as a matter of law on its third-party cause of action for contractual indemnification against A & S. Contrary to the contention of A & S, the subject contractual indemnification provision does not violate General Obligations Law § 5-322.1 in that it does not require A & S to indemnify the City for the City's negligence (*see Brooks v Judlau Contr., Inc.*, 11 NY3d 204, 208-209 [2008]; *Ulrich v Motor Parkway Props., LLC*, 84 AD3d 1221, 1223 [2011]). Moreover, General Obligations Law § 5-322.1 does not bar enforcement of a contractual indemnification provision where the indemnitee was held strictly liable under Labor Law §§ 240 (1) or 241 (6) and there was no evidence of its negligence (*see Tapia v Mario Genovesi & Sons, Inc.*, 72 AD3d 800, 802 [2010]; *Giangarra v Pav-Lak Contr., Inc.*, 55 AD3d 869, 871 [2008]). Here, the City made a prima facie showing that it was free from negligence, and in opposition, A & S failed to raise a triable issue of fact (*see Fernandez v Abalene Oil Co., Inc.*, 91 AD3d 906, 910 [2012]). Accordingly, the Supreme Court properly granted that branch of the City's cross motion which was for summary judgment on its cause of action in the third-party complaint for contractual indemnification and properly denied that branch of A & S's motion which was for summary judgment dismissing that cause of action. Skelos, J.P., Angiolillo, Dickerson and Roman, JJ., concur.