In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Schweitzer, J.), dated April 22, 2013, which denied their motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).
Ordered that the order is reversed, on the law, with costs, and the claimants’ motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is granted.
The claimant Juan Casasola alleged that, while he was working as a carpenter, an unsecured A-frame ladder upon which he was standing swayed and fell, causing him to fall and sustain injuries. Casasola was working on a construction project at SUNY Downstate Hospital on property owned by the de *759 fendant, State of New York. Casasola, and his wife suing derivatively, commenced this claim against the State, alleging, among other things, a violation of Labor Law § 240 (1). The claimants moved for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action, and the Court of Claims denied the motion.
As owner of the property on which the accident occurred, the State may be held liable for a violation of Labor Law § 240 (1) even if it did not exercise supervision or control over Casasola’s work (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]; Mingo v Lebedowicz, 57 AD3d 491, 492-493 [2008]). To hold a property owner liable under Labor Law § 240 (1), an injured party must show both a violation of the statute and that such violation proximately caused his or her injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 287; Mingo v Lebedowicz, 57 AD3d at 492-493).
Labor Law § 240 (1) provides that “[a] 11 contractors and owners and their agents . . . shall furnish or erect, or cause to be furnished or erected . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to [construction workers employed on the premises]” (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 499-500 [1993]; Mingo v Lebedowicz, 57 AD3d at 492). The purpose of this statute, commonly referred to as the “scaffold law,” is to protect workers “by placing ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor, instead of on workers, who are scarcely in a position to protect themselves from accident” (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520 [1985] [citation and internal quotation marks omitted]; see Mingo v Lebedowicz, 57 AD3d at 492-493).
Here, the claimants established their prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The claimants submitted evidence demonstrating that, while in the course of his employment as a carpenter on property owned by the State, Casasola was standing on an unsecured A-frame ladder when the ladder tipped over, causing him to fall (see Hai-Zhong Pang v LNK Best Group, Inc., 111 AD3d 889 [2013]; Gonzalez v AMCC Corp., 88 AD3d 945, 946 [2011]; LaGiudice v Sleepy’s Inc., 67 AD3d 969 [2009]).
In opposition, the State failed to raise a triable issue of fact, as it only relied upon inadmissible hearsay in support of its *760 contention that Casasola’s conduct was the sole proximate cause of the accident (see Weinstein v Nicolosi, 117 AD3d 1036, 1037 [2014]; Sprotte v Fahey, 95 AD3d 1103 [2012]; Rivera v GT Acquisition 1 Corp., 72 AD3d 525, 526 [2010]).
Accordingly, the Court of Claims should have granted the claimants’ motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).
Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.