Ortega v Roman Catholic Diocese of Brooklyn, N.Y. (2019 NY Slip Op 09013)





Ortega v Roman Catholic Diocese of Brooklyn, N.Y.


2019 NY Slip Op 09013


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-06457
 (Index No. 507160/13)

[*1]Jose Ortega, appellant, 
v
Roman Catholic Diocese of Brooklyn, New York, et al., respondents.


Michael H. Zhu, Esq., P.C., New York, NY (Edward Rimland of counsel), for appellant.
Murphy Higgins & Schiavetta, PLLC, New Rochelle, NY (Daniel M. Schiavetta, Jr., of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an amended order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated May 12, 2017. The amended order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6).
ORDERED that the amended order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) is granted.
While working as a concrete laborer at the defendants' property in Queens, the plaintiff was injured when the front leg of a three-wheeled compressor gave way, causing a portion of the plaintiff's right ring finger to become severed by the bent leg of the compressor. At his deposition, the plaintiff testified that approximately two months before the incident, a locking mechanism that served to stabilize the front leg and wheel of the compressor had broken. The plaintiff also testified that, as a makeshift remedy, his boss replaced the broken component with an ordinary screwdriver. The plaintiff testified that the accident occurred when the screwdriver popped out of the locking mechanism as he and two coworkers were attempting to push the compressor up a driveway.
The plaintiff subsequently commenced this action to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 241(6) predicated on alleged violations of Industrial Code (12 NYCRR) §§ 23-1.5(c), 23-1.28(a) and (b), and 23-9.2(a). Following the completion of discovery, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action. In an amended order dated May 12, 2017, the Supreme Court, inter alia, denied that branch of the plaintiff's motion. The plaintiff appeals.
Labor Law § 241(6) imposes a nondelegable duty upon an owner and general contractor to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of [*2]Labor (see Misicki v Caradonna, 12 NY3d 511, 515; Grant v City of New York, 109 AD3d 961, 963). Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 241(6) cause of action by showing that there were violations of certain relevant Industrial Code sections, and that those violations were a proximate cause of his injuries (see Reynoso v Bovis Lend Lease LMB, Inc., 125 AD3d 740, 742; Grant v City of New York, 109 AD3d at 963; Melchor v Singh, 90 AD3d 866, 870). Contrary to the defendants' contention, the plaintiff was not also required to demonstrate his freedom from comparative fault (see Rodriguez v City of New York, 31 NY3d 312, 323). In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action.
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court