Morales v 2400 Ryer Ave. Realty, LLC (2021 NY Slip Op 00498)





Morales v 2400 Ryer Ave. Realty, LLC


2021 NY Slip Op 00498


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Acosta, P.J., Webber, Oing, Scarpulla, JJ. 


Index No. 22938/15E Appeal No. 12976 Case No. 2020-03472 

[*1]Jose Luis Morales, Plaintiff-Appellant,
v
2400 Ryer Avenue Realty, LLC, et al., Defendants-Respondents, Pioneer Supermarket, Defendant.


William Schwitzer & Associates, P.C., New York (D. Allen Zachary of counsel), for appellant.
Garbarini & Scher, P.C., New York (Thomas M. Cooper of counsel), for respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered March 18, 2020, which denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim against defendants 2400 Ryer Avenue Realty, LLC and 2400 C & F Food Corp. (collectively defendants), unanimously reversed, on the law, without costs, and the motion granted.
The evidence that the ladder on which plaintiff was standing at the time of his accident slipped out from under him, causing him to fall, was sufficient to establish his prima facie entitlement to summary judgment under Labor Law § 240(1) (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8 [2003]; Salinas v 64 Jefferson Apts., LLC, 170 AD3d 1216, 1222 [2d Dept 2019]; Rom v Eurostruct, Inc., 158 AD3d 570, 571 [1st Dept 2018]; Mingo v Lebedowicz, 57 AD3d 491, 493 [2d Dept 2008]).
In opposition, defendants failed to raise an issue of fact as to whether plaintiff was a recalcitrant worker or otherwise the sole proximate cause of his accident. "A worker's decision to use an A-frame ladder in the closed position is not a per se reason to declare him the sole proximate cause of an accident," and plaintiff here "gave a specific reason why he used the ladder in the closed position" (Noor v City of New York, 130 AD3d 536, 540 [1st Dept 2015], lv dismissed 27 NY3d 975 [2016]). Defendants also did not elicit any evidence that it would have been plaintiff's "'normal and logical response'" to use the taller ladder that they allege was available to plaintiff at the time of his accident (Montgomery v Federal Express Corp., 4 NY3d 805, 806 [2005]). Similarly, as for plaintiff's putative recalcitrance, defendants failed to establish that, among other things: plaintiff knew that the taller ladder was available for his use; he was expected to use the taller ladder for his work; he "'chose for no good reason not to do so'" (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1168 [2020], quoting Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40 [2004]); and, he refused to follow a specific instruction to use the taller ladder for his work (see e.g. Valdez v City of New York, ___ AD3d ___, 2020 NY Slip Op 07150 [1st Dept 2020]; White v 31-01 Steinway, LLC, 165 AD3d 449, 451-452 [1st Dept 2018]). Ultimately, "[d]efendants' contentions would amount to, at most, comparative negligence, which is
not a defense to a Labor Law § 240(1) violation" (Encarnacion v 3361 Third Ave. Hous. Dev. Fund Corp., 176 AD3d 627, 629 [1st Dept 2019]). Accordingly, plaintiff's motion should have been granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021